In the Matter of EDWARD A. KILEY, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, June 29, 1967.

*Angelo T. Cometa* for petitioner.

*Edward A. Kiley,* respondent in person.

*Per Curiam.* The professional misconduct with which respondent has been charged allegedly occurred while he practiced law as senior partner of Kiley & Kiley, a firm formed with his younger brother, Donald T. Kiley, against whom disciplinary proceedings were also instituted (see *Matter of Kiley,* 22 A D 2d 527).

According to the findings of the Referee, respondent has been guilty of submitting false medical bills to a liability insurer in connection with the claims of two personal injury claimants represented by Kiley & Kiley, and also of extensive violations of the rules of this court pertaining to the filing of statements of retainer and closing statements, the compromise of personal injury claims of infants, and the maintenance of a special bank account for the deposit of settlement funds.

The Referee's findings are sustained by the record and, as pointed out in *Matter of Kiley* (*supra*) where the infractions involving the firm of Kiley & Kiley are considered in more detail, they evidence grave professional misconduct. The office procedures of the partnership were set up by respondent, and as the senior and more experienced partner his was the major responsibility for the practices of the firm. However, although not without some misgiving, we have concluded that suspension is the preferable sanction in this case. The record indicates that respondent succeeded in becoming a lawyer and establishing an office by persistent application in the face of serious financial obstacles; and that he is pursuing graduate studies towards a Master's Degree. We are hopeful that this ambition of his earlier years, in the context of his family responsibilities, will fortify and ensure adherence to professional obligations upon his return to practice.

Respondent should be suspended for a period of three years.

BOTEIN, P. J., STEVENS, McNALLY, McGIVERN and STEUER, JJ., concur.

Respondent suspended for a period of three years.